| | |
|---|---|
| DAMEON D. HAM, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | **Case No. 1:17-cv-01435-LJO-MJS (PC)**<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS**<br><br>**(ECF No. 12)**<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS**<br><br>**(ECF No. 10)**<br><br>**ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTIONS FOR GREGORY RICHARDSON AND RICKY CALDWELL**<br><br>**THIRTY DAY DEADLINE FOR ALL THREE PLAINTIFFS TO EACH FILE AN AMENDED COMPLAINT IN HIS OWN CASE**<br><br>**FORTY-FIVE DAY DEADLINE FOR PLAINTIFFS RICHARDSON AND CALDWELL TO EACH SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS, OR PAY THE FILING FEES, IN HIS OWN CASE** |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiffs are state prisoners proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

The matter proceeds on Plaintiffs' original complaint against Defendants California Department of Corrections and Rehabilitation ("CDCR"), S. Kernan, Parole Hearing Board, Stuart Sherman, S. Kane, T. Jones, and Superior Courts of California. (ECF No. 1.)

On February 16, 2018, the undersigned screened the complaint pursuant to 28 U.S.C. § 1915A(a) and issued findings and recommendations to dismiss this action. (ECF No. 10.) Plaintiffs were afforded fourteen days to file objections to the findings and recommendations. (Id.) On March 6, 2018, Plaintiffs filed a motion for extension of time to file objections. (ECF No. 12.) Good cause appearing, and in light of Plaintiffs' pro se status, the Court hereby grants that motion. Accordingly, Plaintiffs' objections (ECF No. 13) to the findings and recommendations filed on March 16, 2018 are deemed timely.

Upon review of the objections, the undersigned has determined that the February 16, 2018 findings and recommendations should, and shall, be withdrawn. The Court also will direct that each of the putative Plaintiff's proceed separately, if at all, and so will sever the claims of co-Plaintiffs Gregory Richardson and Ricky Caldwell.

## I. Background

Plaintiffs are currently incarcerated at California Substance Abuse Treatment Facility in Corcoran, California where their claims arose. (ECF No. 1.)

Plaintiffs allege that California Proposition 57, passed by California voters in 2016, gave them the right to a parole hearing after they served the primary sentence imposed on their conviction. They sought such parole review by filing a Form 22 informal complaint with the prison, but the authorities refused to have their cases referred to the Parole Hearing Board. (Id. at 4-5.)

Plaintiffs present three claims:

(1) "While acting under color of State law each defendant breached their duty by denying California Article I, Sections 32 guaranteed by State constitution and/or Federal." (Id. at 7.)

(2) "The misuse of power possessed by virtue of state law while willful

participant in joint activities with state or its agents. . . . Working to illegally detain Plaintiff[] in a prison facility." (Id. at 8.)

(3) "The defendants violated substantial due process benefits Plaintiff[ is] entitled by denying California Constitution Article I, Section 32 A, its effect that mandate term adjustments requiring only primary offense be served excluding enhancements, consecutive sentences and alternative sentences, in violation of U.S. Constitution Amendment Fourteen." (Id. at 9.)

Plaintiffs request injunctive relief ordering Defendants to stop denying them the relief provided by California Constitution Article I, Section 32 (A)(2). (Id. at 10.)

In the findings and recommendations, the undersigned initially concluded that Plaintiffs' three claims, in challenging the execution of state court sentences, effectively sought habeas relief and were not cognizable as a civil rights claim. (ECF No. 10.)

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The exclusive statutory framework for challenging either the validity or the execution of a state court judgment is provided by 28 U.S.C. § 2254. See White v. Lambert, 370 F.3d 1002, 1009–1010 (9th Cir. 2004) (adopting "the majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). The Magistrate Judge concluded that Plaintiffs' claims seek to challenge the execution of their sentence from the state court and clearly sound in habeas corpus.

Plaintiffs objected that they do not seek immediate or speedier release from custody, and so their case does not sound in federal habeas law. (ECF No. 13.) In support, they refer to recent findings and recommendations in the Central District of California finding that a challenge under Proposition 57 does not sound in habeas and

should be refiled as a Section 1983 action. (Id. at 5-10) (citing Solano v. California Substance Abuse Treatment Facility, et al., No. CV 17-2671 RGK (AGR), 2017 WL 5640920 (C.D. Cal. Oct. 24, 2017). Plaintiffs ask this Court to adopt the reasoning of the Solano court and allow this matter to proceed under Section 1983.

**II.    Withdrawal of Findings and Recommendations**

Plaintiffs' objections clarify that they do not seek in their complaint enforcement of Proposition 57 in such a way as to produce an immediate release. (ECF No. 13.). Without necessarily adopting that conclusion here, the Court will withdraw the findings and recommendations issued on February 6, 2018 (ECF No. 10) and invite the Plaintiffs to address and clarify the nature of their claims (separately) in an amended complaint by Plaintiff Ham and new Complaints by the other two Plaintiffs.

**III.   Proposition 57**

On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016—Proposition 57—and it took effect the next day. People v. Marquez, 11 Cal. App. 5th 816, 821 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Proposition 57 added Article 1, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence."(Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A). Proposition 57 provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings (Cal. Const. Art. I, Sec. 32(a)).

Few California federal courts have had cause to screen Section 1983 complaints with allegations similar to those presented by Plaintiff's. See Jones v. California State Superior Court, No. 17-cv-00232-DAD-BAM (PC), ECF No. 12 (E.D. Cal. Oct. 5, 2017) (dismissing complaint with leave to amend for failure to state a claim); McCarary v.

4

Kernan, No. 2:17–cv–1944 KJN P, 2017 WL 4539992 (E.D. Cal. Oct. 11, 2017) (dismissing complaint with leave to amend as Plaintiff's due process claim is based on an alleged violation of state law, which did not occur); Herrera v. California State Superior Courts, No. 1:17-cv-386-AWI-BAM, 2018 WL 400320 (E.D. Cal. Jan. 12, 2018) (screening order dismissing complaint with leave to amend for failure to state a claim); Daniels v. California Department of Corrections and Rehabilitation, No. 1:17–cv–01510–AWI–BAM, 2018 WL 489155 (E.D. Cal. Jan. 19, 2018) (screening order dismissing complaint with leave to amend for failure to state a claim); cf. Hemingway v. CDCR, No. 2:17–cv–0534–JAM–CMK–P, 2017 U.S. Dist. LEXIS 212819 (E.D. Cal. Dec. 28, 2017) (court noted that Plaintiff's complaint challenging the application of Proposition 57 had not been screened by the court, but suggested that to the extent that the complaint challenged Plaintiff's conviction it is not cognizable under § 1983).

These federal cases determined that the complaints did not state a claim for relief under Section 1983 because they challenge only the interpretation of a state statute. Jones, ECF No. 12 at 5; McCarary, 2017 WL 4539992, at *3; Herrera, 2018 WL 400320, at *3; Daniels, 2018 WL 489155, at *3. However, the Magistrate Judge in each case allowed the filing of an amended complaint.

The complaint filed here alleges that Plaintiffs' Proposition 57 petitions to the Parole Hearing Board were not forwarded because CDCR had not yet created a process for implementation of Proposition 57. (ECF No. 1.) On December 21, 2017, CDCR completed the rulemaking process and enacted regulations to effectuate Proposition 57. See 15 CA ADC 2449.1, 2, 3, 4, 5; 15 CA ADC 3042, 3043, 3044, 3490, 3491, 3492, 3493; 15 CA ADC 3043.1, 2, 3, 4, 5, 6, 7, 8.

These new regulations provide a mechanism for CDCR to initiate reviews of all inmates to make an initial eligibility determination. 15 CA ADC 3491. Inmates determined to be eligible for parole hearings under Proposition 57 are to have their cases referred to Parole Hearing Boards. 15 CA ADC 3492. Inmates who are deemed ineligible are to be notified of their status and are subject to the Inmate Appeal Process. 15 CA ADC

3492(d), (f).

Plaintiff's individual amended complaints should take into account the issues raised in this Court's original findings and recommendations as well as the current state of the case law and the regulations.

**IV.     Severance of Claims**

In light of the decision to proceed to consideration of an amended complaint, the Court determines that each Plaintiff must proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party . . .  [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D. Cal. Nov. 6, 2006).

In the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay can, and often does, result from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. The same is true of the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs. Therefore, Plaintiffs' claims shall be severed; Plaintiff Ham shall proceed as the sole plaintiff in this action; and new actions shall be opened for Plaintiffs Richardson and Caldwell. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each Plaintiff shall be solely responsible for prosecuting his own action.

Each of the three Plaintiffs shall be given thirty days to file, in his own action, an amended complaint. Plaintiffs must each demonstrate in their individual amended complaints how the conditions complained of resulted in a deprivation of their

constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Each Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969. Each amended complaint must specifically state how each Defendant is involved. Each Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). The Plaintiffs must, of course, also address the particular issues raised by recent Court orders and otherwise as discussed above.

Plaintiffs Richardson and Caldwell shall also be required to submit applications to proceed in forma pauperis or pay the $400.00 filing fee for their own actions within forty-five days.

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after October 26, 2017. In addition, Plaintiffs should take care to include only those claims that have been exhausted prior to the initiation of this suit on October 26, 2017.

Finally, Plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Each amended complaint should be clearly and boldly titled "First Amended Complain," refer to the appropriate case number, and be an original signed under penalty of perjury.

**V.   Conclusion**

In summary, for the reasons outlined above the Court will withdraw the February

7

16, 2018 findings and recommendations, sever the claims of co-Plaintiffs Gregory Richardson and Ricky Caldwell, order each of the three Plaintiffs to proceed in his own actions, and orders Gregory Richardson and Ricky Caldwell to each file their own application to proceed in forma pauperis or pay the filing fee in their individual actions.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs' motion for extension of time to file objections (ECF No. 12) is granted and Plaintiffs' objections (ECF No. 13) to the findings and recommendations filed on March 16, 2018 are deemed timely;

2. Plaintiff Ham shall proceed as the sole plaintiff in case number 1:17-cv-01435-LJO-MJS (PC);

3. The claims of Plaintiffs Richardson and Caldwell are severed from the claims of Plaintiff Ham;

4. The Clerk of the Court is directed to:

    a. Open a separate Section 1983 civil action for each of the following two Plaintiffs:

> (1) Gregory Richardson, AK-4372
> California Substance Abuse Treatment Facility
> P.O. Box 5242
> Corcoran, CA 93212
>
> (2) Ricky Caldwell, J18278
> California Substance Abuse Treatment Facility
> P.O. Box 5242
> Corcoran, CA 93212

    b. Assign the new actions to the Magistrate Judge and District Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the new actions opened for Plaintiffs Richardson and Caldwell;

    d. Place a copy of the Complaint (ECF No. 1), which was filed on October 26, 2017 in the instant action, in the new actions opened for Plaintiffs

8

1 | Richardson and Caldwell;

2 |     e.    Send each of the three Plaintiffs an endorsed copy of the Complaint (ECF No. 1), filed on October 26, 2017, bearing the case number assigned to his own individual action;

    f.    Send each of the three Plaintiffs a Section 1983 civil rights complaint form; and

    g.    Send to Plaintiffs Richardson and Caldwell an application to proceed in forma pauperis;

5.    Within thirty (30) days from the date of service of this order, the three Plaintiffs shall each file an amended complaint bearing his own case number;

6.    Each amended complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT" and be an original signed under penalty of perjury;

7.    Within forty-five (45) days from the date of service of this order, Plaintiffs Richardson and Caldwell shall each submit an application to proceed in forma pauperis, or payment of the $400.00 filing fee, in his own case; and

8.    The failure to comply with this order will result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated:   March 29, 2018          /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE